UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN ROMANOV, ) | |
| ) | Case No. 3:22-cv-443 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Before the Court are four motions: Defendant State Farm Mutual Automobile Insurance

Company's ("State Farm") motion to strike pro se Plaintiff Susan Romanov's supplemental brief

(Doc. 38); State Farm's motions to dismiss Romanov's complaint and amended complaint for

failure to state a claim and for violation of a court order (Docs. 19, 29); and Romanov's motion

for relief from the Court's judgment in Case No. 3:19-cv-90 (Doc. 27).

For the reasons that follow, the Court will **GRANT** State Farm's motion to strike

Romanov's supplemental brief (Doc. 38), **DENY AS MOOT** State Farm's motion to dismiss

Romanov's initial complaint (Doc. 19), **GRANT IN PART** and **DENY IN PART** State Farm's

motion to dismiss Romanov's amended complaint (Doc. 29), and **DENY** Romanov's motion for

relief from judgment (Doc. 27). As a result, all but Romanov's breach-of-contract claim will be

**DISMISSED**.

## I.    BACKGROUND

This case concerns a State Farm-issued insurance policy and an allegedly stolen truck. A

long-time State Farm client, Romanov elected to insure her newly leased truck through the

company on January 5, 2018. (Doc. 25, at 6.) On March 5, 2018, Romanov permitted an individual, Paige Summers, to drive the truck out of Tennessee, where Romanov resides. (*Id.* at 6.) However, at some point during the journey, "Summers went rogue with the vehicle," making it all the way to Houston, Texas, before Romanov was able to confront him. (*Id.* at 6–7.) What ensued is best described as a cross-country pursuit: before Romanov could secure the vehicle, Summers high-tailed it to another state, only to be briefly stopped by Romanov before recommencing the chase. (*Id.* at 7–8.) This cycle evidently continued for months until law enforcement finally located the stolen vehicle in Colorado. (*Id.* at 8.)

The recovered vehicle, however, was damaged. Apparently due to Summers's navigation of the vehicle "in a hot-rod fashion," which included "driving over curbs, grassed medians[,] and on gravel and dirt roads," the truck was no longer in drivable condition. (*Id.* at 8, 12.) As a result, on June 25, 2018, Romanov tendered a claim with State Farm for recovery related to the theft of and damage to her insured vehicle, seeking to be made "whole as to the . . . condition of the vehicle" and to be reimbursed for the cost of transporting the truck back to Tennessee. (*Id.* at 9, 13–14.)

A State Farm agent advised Romanov that the policy would not cover the requested costs due to State Farm's determination that the damage was attributable to "normal wear and tear." (*Id.* at 14.) Dissatisfied with this response, Romanov "pursued escalation of the issues," which led to State Farm's reevaluation of the claim in October of 2018. (*Id.* at 15.) State Farm ultimately assessed the damage to Romanov's truck as a "total loss" to be paid out in the amount of $25,392.87. (*Id.* at 17.) But because the vehicle's "lease payoff" was significantly larger—$39,975.32—Romanov rejected the payment amount. (*Id.*) State Farm then selected a third-party appraiser to assess the fair market value of Romanov's truck. (*Id.*) According to

Romanov, the appraiser estimated the value of the truck to be comparable to the amount she had paid for it the previous year. (*Id.* at 17–18.) However, on March 3, 2019, State Farm denied the claim, informing Romanov it would not be paying for the truck as a total loss after all. (*Id.* at 18.)

This matter was first before the Court four years ago when Romanov filed a complaint bringing claims for intentional infliction of emotional distress, breach of contract, negligence and bad faith, and violation of Tennessee's Unfair Settlement Claims Practices Act—all related to State Farm's alleged failure to timely and fully reimburse Romanov for the loss of the stolen truck. (Doc. 1, at 13–17 in Case No. 3:19-cv-90). Romanov, through counsel, subsequently amended that complaint to allege only a breach-of-contract claim. (Doc. 25, at 12–13 in Case No. 3:19-cv-90.) After electing to proceed pro se, Romanov sought to again amend her complaint but delayed moving to do so until after the expiration of discovery and dispositive-motion deadlines. (Doc. 152, at 9 in Case No. 3:19-cv-90.) United States Magistrate Judge Bruce Guyton denied the motion, finding that State Farm "would be highly prejudiced if the Court were to allow [Romanov] to amend the Amended Complaint at this late stage of the litigation." (*Id.* at 10 in Case No. 3:19-cv-90.)

Approximately two years into litigating the case and one month out from trial, Romanov moved to voluntarily dismiss her case. (Doc. 155, at 3 in Case No. 3:19-cv-90.) On September 24, 2020, this Court granted the motion on a provisional basis (Doc. 157 in Case No. 3:19-cv-90). So as to "offset the prejudice State Farm may suffer" as a result of a dismissal at so late stage in the litigation, the Court instated the following conditions of dismissal:

1. Should Plaintiff decide to refile her case, it must be refiled in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law.

3

2.      All previous rulings and entries on the docket for this case must stand, and, if refiled before the Court, the case will be in the same procedural posture as when it was dismissed.

3.      If Plaintiff prevails in her refiled suit, she must pay Defendants' expenses, costs, and fees for work performed in the first suit that cannot be used in the second suit.

(*Id.* at 2.)  Romanov then requested clarification from the Court as to the practical implications of the conditions.  (Doc. 158 in Case No. 3:19-cv-90.)  In regard to the second condition, the Court specified that, "absent a change in circumstances, [Romanov] would not be permitted to assert new claims against State Farm in any newly filed case in this Court."  (Doc. 159, at 2 in Case No. 3:19-cv-90.)

Romanov appealed the voluntary-dismissal order (Doc. 160 in Case No. 3:19-cv-90).  On February 4, 2022, the United States Court of Appeals for the Sixth Circuit entered an order dismissing the appeal for lack of jurisdiction and denying all pending motions.  (Doc. 162 in Case No. 3:19-cv-90.)  The mandate issued on March 1, 2022.  (Doc. 163 in Case No. 3:19-cv-90.)  In its order, the Sixth Circuit held that this Court's order granting Romanov's motion to voluntarily dismiss the case was not appealable because Romanov "has not shown that the conditions imposed by the district court resulted in legal prejudice."  (Doc. 162, at 4 in Case No. 3:19-cv-90.)  In arriving at this conclusion, the court referenced its prior holding in another case that the functional equivalent of the second condition—the imposition of "the law of the case from the original action" on any refiled action—was reasonable.  (*Id.* at 4 (quoting *Duffy v. Ford Motor Co.*, 218 F.3d 623, 628 (6th Cir. 2000).)

On December 12, 2022, Romanov refiled her case, bringing claims for breach of contract, negligence and bad faith, violation of Tennessee's Unfair Settlement Claims Practices Act, and fraud.  (Doc. 1, at 25–42.)  Romanov also now seeks punitive damages related to her breach-of-

4

contract claim. (*Id.* at 27.) State Farm moved to dismiss all claims, arguing that Romanov flouted the Court's order requiring that a refiled suit remain in the same procedural posture and that she waited too long to refile. (Doc. 19, at 2–4.) Romanov then amended her complaint, which still brings claims for breach of contract (including punitive damages), negligence and bad faith, violation of Tennessee's Unfair Settlement Claims Practices Act, and fraud. (Doc. 25, at 26–45.) That same day, Romanov filed a motion for reconsideration of the Court's voluntary-dismissal order in Case No. 3:19-cv-90. (Doc. 27.) In light of Romanov's amended complaint, State Farm filed another motion to dismiss all of Romanov's claims. (Doc. 29.) Most recently, State Farm moved to strike a supplemental brief Romanov filed related to the motion to dismiss, arguing it violated Local Rule 7.1. (Doc. 38.) The motions are now ripe for the Court's review.

## II. STATE FARM'S MOTION TO STRIKE SUPPLEMENTAL BRIEF (Doc. 38)

State Farm moves to strike a supplemental brief filed by Romanov, arguing she failed to comply with the governing local rules. (Doc. 38, at 1.) Romanov avers that her decision to file a supplemental brief addressing State Farm's motion to dismiss "was to minimize the litigation of a motion to strike and simply direct the Court to the new developments." (Doc. 39, at 3.) Local Rule 7.1(d) bars the submission of any "additional briefs, affidavits, or other papers in support of or in opposition to a motion . . . without prior approval of the Court," unless a party files "a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d).

Romanov's supplemental brief (Doc. 37) does not comport with Local Rule 7.1(d). She filed the document without first seeking the Court's approval, and it is unclear what "developments" occurring after final-brief submission would warrant an exception. Instead, Romanov's brief appears to advance arguments responding to State Farm's reply brief—

arguments that she characterizes as "new law and argument that should be called to the attention of the Court in direct relation to new arguments and assertions made in State Farm's Reply Brief." (Doc. 39, at 1.) Contrary to Romanov's assertions, the opportunity to respond to a party's brief does not constitute "developments occurring after a party's final brief is filed" as contemplated by Local Rule 7.1(d), nor would allowing the brief's submission serve the Rule's goal of expeditious adjudication of claims. Accordingly, the Court will **GRANT** State Farm's motion to strike Romanov's supplemental brief (Doc. 38) and will not consider the arguments made therein for purposes of ruling on State Farm's motion to dismiss.

## III.    ROMANOV'S RULE 60(b) MOTION (Doc. 27)

### A.    Standard of Review

Rule 60(b) of the Federal Rules of Civil Procedure provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.") (citation omitted). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time —
and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or
the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Moreover, Rule 60(b) relief applies only in exceptional or "extraordinary circumstances
justifying the reopening of a final judgment." *Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir.
2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Whether a circumstance is
"exceptional or extraordinary" requires a "case-by-case inquiry . . . [that] intensively balance[s]
numerous factors, including the competing policies of the finality of judgments and the incessant
command of the court's conscience that justice be done in light of all the facts." *West v.
Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015) (citations omitted).

### B.    Analysis

Romanov moves for partial relief from the Court's judgment (Doc. 157 in Case No. 3:19-
cv-90) "pursuant to [Federal Rule of Civil Procedure] 60(b)(5) and/or (6)."[1]  (Doc. 27, at 1.)
Specifically, Romanov seeks relief from the second condition of dismissal the Court issued in
Romanov's previously filed case, which orders that "[a]ll previous rulings and entries on the
docket for [Case No. 3:19-cv-90] must stand, and, if refiled before the Court, the case will be in
the same procedural posture as when it was dismissed."  (Doc. 157, at 2 in Case No. 3:19-cv-90.)
In response to Romanov's request for clarification (Doc. 158 in Case No. 3:19-cv-90) as to its

---

[1] Romanov also mentions in her response to State Farm's motion to dismiss that she "has
experienced changes in circumstances . . . related to new evidence." (Doc. 26, at 1–2.)  To the
extent Romanov is also requesting relief based on "newly discovered evidence" pursuant to
Federal Rule of Civil Procedure 60(b)(2), the motion is time-barred. *See* Fed. R. Civ. P. 60(c)(1)
("A motion under Rule 60(b) . . . for reasons (1), (2), and (3) [must be made] no more than a year
after the entry of the judgment or order or the date of the proceeding.").

order, the Court explained that "absent a change in circumstances, [Romanov] would not be permitted to assert new claims against State Farm in any newly filed case in this Court." (Doc. 159, at 2 in Case No. 3:19-cv-90.) In support of her motion, Romanov argues she has indeed experienced "changes in circumstances . . . [that] open[] the door for new causes of action against Defendant in [Romanov's] instant refiled case[.]" (*Id.* at 1–2.)

Rule 60(b)(5) permits post-judgment relief if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). The United States Supreme Court has interpreted this language as warranting relief when "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest[.]'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). "The party seeking relief [under Rule 60(b)(5)] bears the burden of establishing that changed circumstances warrant relief. . . ." *Id.*

The Court is not persuaded by Romanov's argument that Rule 60(b)(5) applies to the provision of the Court's order barring her from bringing new causes of action because new factual and legal circumstances render its continued enforcement inequitable. (Doc. 27, at 1 ("Plaintiff *has* had changes in circumstances . . . that [] open[] the door for new causes of action against Defendant").) The "new circumstance" Romanov points to is the absence of "immediate pending financial obligations with regard to [the allegedly stolen] truck," which she argues is "*a deciding factor that this Court did not know*." (*Id.* at 5.) According to Romanov, relief from this financial burden is decisive because she only voluntarily dismissed her initial case due to her inability to "afford a 'continuance.'" (*Id.*) From the Court's attempt to fill in the gaps of this theory, Romanov's argument is as follows: (1) in Case No. 3:19-cv-90, Romanov delayed

8

moving to amend her complaint to include additional causes of action because her financial situation limited her ability to continue to prosecute her case; (2) Magistrate Judge Bruce Guyton denied Romanov's late-filed motion to amend because adding new causes of action so late in litigation would prejudice State Farm; (3) Romanov then moved to voluntarily dismiss her claims, which the Court granted on the condition Romanov did not bring new causes of action in the event she refiled her case; (4) after her financial situation improved, Romanov filed an amended complaint containing additional causes of action in the present matter; (5) because these new claims are being added at the outset of proceedings rather than just before trial, there is no longer a concern State Farm would suffer prejudice in fielding new causes of actions; and (6) because there is no longer a concern State Farm would be prejudiced, the Court should relieve Romanov from its condition barring her from bringing new causes of action.

Romanov's argument fails to consider the purpose of the dismissal conditions. The Court conceived of the conditions, including the one barring Romanov's incorporation of additional claims in a refiled suit, with the intention of "offset[ting] the prejudice State farm may suffer" as a result of her voluntary dismissal. *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) (noting that district courts are entitled to impose dismissal conditions they deem necessary "to offset the prejudice the defendant may suffer from a dismissal without prejudice") citations omitted); (Doc. 157, at 1–2 in Case No. 3:19-cv-90.) The Court's decision to place a refiled case "in the same procedural posture as when it was dismissed[,]" which means Romanov may not bring new claims in a refiled case, indicates a concern that doing so would prejudice State Farm—namely, that State Farm was forced to expend time and resources litigating certain claims only to have Romanov introduce new claims after the time for amending her complaint had passed. (Doc. 157, at 2.) Though the Court noted

release from the condition may be warranted in the event circumstances change, the change Romanov points to—her newfound financial ability to pursue litigation—is not such a change in circumstances. (Doc. 159, at 2.) Indeed, allowing Romanov to bring new claims against State Farm in the refiled case would fly in the face of the Court's stated justification for including the condition: "This condition . . . is meant to . . . discourage the parties from advancing alternate theories not developed in [Case No. 3:19-cv-90], especially since [Romanov] sought dismissal without prejudice [in Case No. 3:19-cv-90] after almost all deadlines in the Court's scheduling order had passed."[2] (*Id.* at 3.) The Court does not see how Romanov's changed circumstances, which affect only her individual decision-making calculus as to whether to pursue litigation, would render continued imposition of this condition "detrimental to the public interest." *Rufo*, 502 U.S. at 384. Thus, it will not grant relief under Rule 60(b)(5).

Rule 60(b)(6) is also inapplicable. That rule warrants relief only in "exceptional or extraordinary circumstances where principles of equity mandate [it]." *West*, 790 F.3d at 696–97 (internal citation omitted). When analyzing whether to grant relief under Rule 60(b)(6), the Court must engage in "a case-by-case inquiry . . . to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (citations omitted). The Sixth Circuit has already held that the conditions instated by this Court did not "create sufficient 'legal prejudice' against [Romanov]" and were not unreasonable. (Doc. 34-2, at 3 in Case No. 13:19-cv-90.) That court

---

[2] Romanov herself observed that embarking on the course of action she is currently pursuing— filing a voluntary non-suit, then refiling her proposed (and rejected) amended complaint—would increase "the cost for both parties . . . and more delay would cause more undue hardship on [her]." (Doc. 117, at 4 in Case No. 3:19-cv-90.)

even went so far as to specifically recall its prior rejection of another plaintiff's argument that he would suffer legal prejudice from a condition imposing "the law of the case from the original action" on any refiled case. (*Id.* at 4 (quoting *Duffy*, 218 F.3d at 627).) Granting relief from a condition this Court set multiple years ago for the purpose of minimizing prejudice is not an action mandated by "principles of equity" or compelled by the Court's commitment to justice.

Because it finds neither Rule 60(b)(5) or (6) applies, the Court will **DENY** Romanov's motion for partial relief from its order granting voluntary dismissal of Case No. 3:19-cv-90 (Doc. 27). Therefore, the conditions of that order (Doc. 157 in Case No. 3:19-cv-90) remain in effect and apply to Romanov's refiled case.

## IV. STATE FARM'S MOTIONS TO DISMISS (Docs. 19, 29)[3]

State Farm first filed a motion to dismiss (Doc. 19) shortly after Romanov refiled her case. However, Romanov amended her complaint as a matter of right (Doc. 25), which led to State Farm filing a second motion to dismiss (Doc. 29). Because, as State Farm notes in its subsequent motion, "an Amended Complaint supersedes the previous filing," the Court will **DENY AS MOOT** State Farm's initial motion to dismiss (Doc. 19) and address only its most

---

[3] State Farm also seeks dismissal of Romanov's claims under Rule 41(b) of the Federal Rules of Civil Procedure as a sanction for violating this Court's order in Case No. 3:19-cv-90. (Doc. 29, at 1.) Pursuant to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Though the Court agrees Romanov effectively violated its order precluding her from bringing new causes of action in her refiled suit, Romanov is proceeding pro se and may have misunderstood the Court's qualification that new claims may be brought if circumstances change. The Court does not find Romanov's actions, at this time, constitute an abuse of the judicial process and thus do not warrant the extreme sanction of dismissal. However, Romanov is advised that she is to make every effort to abide by this Court's orders and that future actions taken in direct opposition to them are likely to result in dismissal.

recent dispositive motion, which seeks to dismiss all of Romanov's claims with prejudice. (Doc. 29, at 2.)

A.     **Legal Standard**

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## B.    New Claims

In her refiled case, Romanov brings claims for breach of contract, which includes a request for punitive damages, negligence and bad faith, violation of Tennessee's Unfair Settlement Claims Practices Act, and fraud. (Doc. 1, at 25–42.) One of the conditions the Court imposed on Romanov when it granted voluntary dismissal of the original case was that any refiled case remain in the same procedural posture, later clarifying that this meant "[Romanov] would not be permitted to assert new claims against State Farm in any newly filed case in this Court." (Doc. 159, at 2 in Case No. 3:19-cv-90.) Because this Court denied Romanov's motion to reconsider this condition, *see supra* Section III, it still stands. As a result, Romanov's refiled case assumes the same procedural posture of the now-dismissed case. And because Romanov filed an amended complaint bringing only a breach-of-contract claim—absent a punitive damages demand—in the dismissed case, that is the only claim she is now permitted to bring. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (noting that an amended complaint supersedes all prior complaints and becomes the legally operative complaint) (citations omitted). Therefore, all but Romanov's breach-of-contract claim are **DISMISSED**.

### C.    Breach-of-Contract Claim

#### 1.    *Whether the Breach-of-Contract Claim is Time-Barred*

Pursuant to the Court's conditions of dismissal in Case No. 3:19-cv-90, Romanov's breach-of-contract claim is the only claim she is permitted to bring in her refiled case. Nonetheless, State Farm argues the claim is "time barred by the contractual limitations period in the insurance policy" agreement between it and Romanov, which it appended to its motion to dismiss, and, alternatively, by Tennessee's saving statute.  (Doc. 30, at 1.)  Romanov responds that she timely refiled her case "312 days after her appeal was dismissed and 53 days short of the deadline of February 2, 2023," which is within the statutory limits.  (Doc. 26, at 3.)

Romanov's breach-of-contract claim is not barred by the contractually agreed-upon statute of limitations.  The relevant State Farm insurance policy Romanov agreed to plainly states that physical-coverage damages against State Farm must be brought "within one year immediately following the date of the accident or loss."  (Doc. 29-1, at 9.)  State Farm denied Romanov's claim on October 19, 2018.  (Doc. 25, at 16.)  Romanov filed her initial suit on March 18, 2019, which was within a year of the denial.  (Doc. 1 in Case No. 3:19-cv-90.) Though Romanov did not file the present action until December 12, 2022, her initial suit was timely brought, and the conditions of dismissal in that case place any subsequently refiled case in the same procedural posture.  *See Beahm v. Auto Owners Ins. Co.*, No. 3:13-cv-160, 2013 WL 3976622, at *2 (E.D. Tenn. Aug. 2, 2013) ("[I]f the insured files a proof of loss, the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first.") (internal quotation marks and citation omitted); (Doc. 1.)

However, a plaintiff who files a complaint within the applicable statute-of-limitations period and then voluntarily dismisses the complaint is required to refile her case within one year

after the voluntary dismissal to take advantage of Tennessee's savings statute.  Tenn. Code Ann.

§ 28-1-105(b).  Per the language of the statute:

> In the case of a contract which limits the time within which an action arising out of such contract must be brought, if such action is commenced within the time as limited by the contract but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives or successors, as the case may be, may, from time to time, commence a new action within one (1) year after the nonsuit, dismissal without prejudice, reversal or arrest.

*Id.*  "The purpose of the statute is to give plaintiffs a 'brief period' within which to re-file their

suit after it has been concluded on a basis other than dismissal on the merits."  *McGee v. Jacobs*,

236 S.W.3d 162, 165 (Tenn. Ct. App. 2007) (citations omitted).  Because "Tennessee  law

strongly favors the resolution of all disputes on their merits, [] the savings statute is to be given a

broad and liberal construction in order to achieve this goal."  *Freeman v. Marco Transp. Co.*, 27

S.W.3d 909, 912 (Tenn. 2000) (citation omitted).

   *Parrish v. Marquis* offers some insight as to when the one-year limit begins—or, when

"the judgment or decree is rendered"—for purposes of the statute.  137 S.W.3d 621, 623 (Tenn.

2004).  In *Parrish*, the trial court had granted the defendants' summary-judgment motions and

dismissed the case on the merits.  *Id.* at 622.  Plaintiffs appealed the decision, and after the

appellate court remanded the case to the trial court for further proceedings, the trial court

dismissed the complaint for improper venue.  *Id.* at 623.  At issue in the case was whether the

one-year limit contemplated by Tennessee's savings statute "commenced on the date of the

appellate court's judgment remanding the cause to the trial court . . . or on the date of the trial

court's order of dismissal following the remand."  *Id.* at 622.  The *Parrish* court explained that

the one-year period began at the time the trial court dismissed the case rather than the time the

appellate court issued its decision, and, in doing so, observed that the result would have been

different "[i]f the Court of Appeals had dismissed [rather than remanded] the action," because the action would no longer have been pending before the lower court. *Id.* at 623.

The United States District Court for the Middle District of Tennessee has since confirmed in *Meersman v. Regions Morgan Keegan Trust* that, in *Parrish*, "[t]he Tennessee Supreme Court [] expressly held that the one-year deadline to refile claims under the savings statute starts running on the date the court 'has entered its order of dismissal.'" No. 3:20-cv-00154, 2020 WL 2319785, at *4 (M.D. Tenn. May 11, 2020) (quoting *Parrish*, 137 S.W.3d at 623). However, *Meersman* also demonstrated that, perhaps counter-intuitively, the entry date of an order granting a voluntary dismissal or nonsuit is not necessarily the date on which the court "has entered its order of dismissal" for purposes of Tennessee's savings statute. *Id.* Instead of starting the savings-statute clock when the judge presiding over the original suit entered a dismissal order, the *Meersman* court instead chose "the latest possible date on which . . . a dismissal order" was entered—"the date the Tennessee Supreme Court denied [the p]laintiff's application for permission to appeal." *Id.* Because the plaintiff refiled the case a year and one day from that date, the court dismissed it as untimely. *Id.*

Here, the determinative question is whether the one-year savings-statute clock starts from the date the Sixth Circuit dismissed Romanov's appeal, in which case her breach-of-contract claim survives, or from the date this Court entered an order granting Romanov's voluntary-dismissal motion, in which case it does not. This Court issued its order granting Romanov's motion to voluntarily dismiss Case No. 3:19-cv-90 on September 24, 2020 (Doc. 157 in Case No. 3:19-cv-90). Romanov filed the instant suit on December 12, 2022, over two years later and far beyond the one-year limit (Doc. 1). However, the Sixth Circuit did not enter its order dismissing Romanov's appeal until February 3, 2022 (Doc. 162 in Case No. 3:19-cv-90), and the

mandate for that order did not issue until March 1, 2022 (Doc. 163 in Case No. 3:19-cv-90). If either of these later dates properly serves as the commencement of the one-year refiling period, Romanov timely refiled suit.

Based on its consideration of relevant state and federal caselaw, the language and purpose of Tennessee's savings statute, and overarching principles of equity and fairness, the Court finds Romanov timely refiled her breach-of-contract claim. The saving statute's purpose, as per Tennessee courts, is to afford diligent plaintiffs "a 'brief period' within which to re-file their suit after it has been *concluded* on a basis other than dismissal on the merits[,]" and it is reasonable to regard a case as "concluded" only after a pending appellate decision is resolved. *McGee*, 236 S.W.3d at 165 (emphasis added) (citation omitted); *see also Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 799 (6th Cir. 2017) (noting that the district court's order "was final" at the time the United States Supreme Court denied certiorari). After requesting clarification on the ramifications of the Court-imposed dismissal conditions, Romanov appealed the dismissal, which the Sixth Circuit ultimately dismissed for lack of jurisdiction because "[Romanov] has not shown that the conditions imposed by the district court resulted in legal prejudice." (Doc. 34-2, at 4 in Case No. 3:19-cv-90.) Romanov reasonably waited until the originating case was resolved—i.e., until after she heard back from the Sixth Circuit on the enforceability of this Court's dismissal order—before refiling her case. Approximately nine months after the decision was rendered and the original suit concluded, she did so, thereby resuming efforts to pursue her claims against State Farm (Doc. 1).

This interpretation—that the Tennessee savings statute clock begins at the conclusion of the original suit—is also supported by both the *Meersman* court's decision to start the clock from the day the Tennessee Supreme Court denied the plaintiff's request for appeal and by the *Parrish*

court's observation that an appellate court's dismissal in that case would have started the clock. The Tennessee Supreme Court's decision not to conduct appellate review in *Meersman* is closely analogous to the Sixth Circuit's dismissal of Romanov's appeal. In both cases, the plaintiff attempted to invoke appellate review of the lower court's initial order dismissing the case, therefore staving off the "conclusion" of the case until resolution of that request. The *Meersman* court recognized this by electing to start the savings-statute clock at the time the Tennessee Supreme Court denied the request. Applying that logic to this case, the clock should begin at the time the Sixth Circuit denied Romanov's request for appellate review by dismissing her appeal for lack of jurisdiction. The *Parrish* court also recognized that the commencement of the one-year savings-statute limit coincides with the conclusion of the original case. In addition to deciding the clock should begin on the date the trial court dismissed the remanded case rather than the date the case was remanded, the court also noted that the appellate court's dismissal of the action would have served as the start date. *Parrish*, 137 S.W.3d at 624. In both instances, the *Parrish* court selected the date on which the action concluded—at which point no pending appeals or outstanding tasks for the trial court remained. Applied here, the appropriate date marking the beginning of Romanov's one-year limit to refile her suit is the date Romanov's appeal was resolved— March 1, 2022 (Doc. 163 in Case No. 3:19-cv-90).[4]

Requiring a plaintiff to refile her case within a year of the dismissal order's entry despite the pendency of an appeal in the original case may also have the untenable effect of discouraging

---

[4] This is the day the mandate was issued, which followed approximately a month after the Sixth Circuit ruled on Romanov's appeal. (Docs. 162, 163 in Case No. 3:19-cv-90.) Though Romanov refiled her case within a year of either date, the Court marks the start of the savings-statute clock from the former because it more aptly signals the case's conclusion. *See Moss v. Miniard*, No. 4:18-cv-11697, 2023 WL 2933209, at *1 (E.D. Mich. Apr. 13, 2023) ("A decision of a court of appeals is not final until the mandate issues.").

plaintiffs faced with apparently unfair dismissal conditions from pursuing appellate review. While an order granting voluntary dismissal is not ordinarily appealable, it is when the attendant conditions for dismissal are unreasonable. *See Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir. 1964). In the event a plaintiff, particularly one proceeding without counsel, reluctantly submits to dismissal and believes she has suffered legal prejudice as a result, she should feel free to seek recourse in the form of appellate review without concern she may have to refile her case before receiving an answer. Thus, this consideration also militates in favor of delaying the start of the savings-statute clock until after the initial case has concluded.

For these reasons, the Court finds that Romanov refiled her suit within the time permitted by the Tennessee savings statute. As a result, her breach-of-contract claim is not time-barred.

### 2. Whether the Breach-of-Contract Claim is Adequately Pled

Romanov's breach-of-contract claim also complies with Federal Rule 8(a)'s pleading standard. Assessment of each coverage claim is a matter of contract interpretation, to which Tennessee law applies.[5] *See Lancaster v. Ferrell Paving, Inc.*, 397 S.W.3d 606, 610 (Tenn. Ct. App. 2011) (observing that insurance policy contracts are interpreted "in the same manner as any other contract") (citation omitted). Insurance policy terms should be afforded the "meaning which the average policy holder and insurer would attach to the policy language." *Martin v. Powers*, 505 S.W.3d 512, 517 (Tenn. 2016) (quoting *S. Tr. Ins. Co. v. Phillips*, 474 S.W.3d 660, 667 (Tenn. Ct. App. 2015)). As with contracts generally, insurance policies are "construed as a whole in a reasonable and logical manner, and the language in dispute should be examined in the context of the entire agreement." *Id.* (internal quotations omitted). If, upon a comprehensive

---

[5] The policy was executed in Tennessee and seems to lack a choice-of-law provision. *See Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973). The parties also do not appear to dispute that Tennessee law governs.

examination, the policy's terms—particularly in the context of coverage exceptions—remain ambiguous, Tennessee law requires that the language be "construed against the insurance company and in favor of the insured." *Tata v. Nichols*, 848 S.E.2d 649, 650 (Tenn. 1993); *see also Travelers Ins. Co. v. Aetna Cas. & Sur. Co.*, 491 S.W.2d 363, 367 (Tenn. 1973) (noting that "exceptions, exclusions, and limitations in policies of insurance are to be most strongly construed against the insurer").

Romanov has pled adequate facts to allege a breach-of-contract claim against State Farm. After her insured truck was highjacked and recklessly driven across the country, Romanov sought to be made "whole as to the . . . condition of the vehicle" and to be reimbursed for the cost of transporting the truck back to Tennessee. (Doc. 25, at 9, 13–14.) However, State Farm chalked the damage up to "normal wear and tear," refused to pay transportation costs, and denied the claim. (*Id.* at 14.) Due to Romanov's persistence, State Farm apparently reevaluated the vehicle, assessed the damage as a "total loss," and presented Romanov with a total-loss payment of $25,392.87. (*Id.* at 15–17.) Because the vehicle's "lease payoff" was significantly larger—$39,975.32—Romanov rejected the payment amount. (*Id.* at 17.) Shortly thereafter, State Farm notified Romanov the vehicle would not be paid for as a "total loss" and denied the claim. (*Id.* at 18.) Though it is unclear which specific provision of the agreement Romanov is challenging, the facts she has alleged allow the Court to draw the reasonable inference that State Farm breached its contract with her by failing to compensate her for the loss of her truck. According to the insurance-policy agreement provided by State Farm,[6] State Farm commits to paying

---

[6] Though Romanov did not append the policy agreement to her amended complaint, the Court may still consider it in evaluating the sufficiency of her allegations. *See Gibson v. Mortg. Elec. Registration Sys., Inc.*, No. 11-2173, 2012 WL 517329, at *3 (W.D. Tenn. Feb. 15, 2012) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.").

"transportation expenses incurred by an *insured*" whose vehicle has been stolen. (Doc. 29-1, at 6.) The policy also states State Farm "***will*** pay for *loss*, except *loss caused by collision*, to a *covered vehicle.*" (*Id.*) If the insured disagrees with State Farm's estimated "actual cash value" of the vehicle, the policy states that "the disagreement will be resolved by appraisal" in accordance with certain parameters. (*Id.*) Viewing the alleged facts in the light most favorable to Romanov, State Farm breached one or more of these provisions in its total denial of Romanov's claim seeking to recoup losses incurred from the theft of her truck. Therefore, Romanov's breach-of-contract claim survives State Farm's 12(b)(6) motion to dismiss.

## V.     CONCLUSION

For the aforementioned reasons, the Court **GRANTS** State Farm's motion to strike Romanov's supplemental brief (Doc. 38), **DENIES AS MOOT** State Farm's motion to dismiss Romanov's initial complaint (Doc. 19), **GRANTS IN PART** and **DENIES IN PART** State Farm's motion to dismiss Romanov's amended complaint (Doc. 29), and **DENIES** Romanov's motion for relief from judgment (Doc. 27). As a result, all but Romanov's claim for breach of contract are **DISMISSED**.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**