UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN ROMANOV, ) | |
| ) | Case No. 3:22-cv-443 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se Plaintiff Susan Romanov's motion to reconsider (Doc. 41) this Court's order denying her motion for relief from judgment (Doc. 40). For the reasons that follow, the Court will **DENY** the motion (Doc. 41).[1]

Federal Rule of Civil Procedure 54(b)[2] provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is

---

[1] The Court will also **DENY AS MOOT** Romanov's motion to strike State Farm's withdrawn response (Doc. 47) and Romanov's amended motion to strike State Farm's withdrawn response (Doc. 49). Because State Farm filed a notice of withdrawal regarding the response Romanov seeks to strike (Doc. 48), the Court will not consider the response in its present decision.

[2] Though Plaintiff styles her request for relief as one pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 41, at 1), the proper method for requesting reconsideration of an interlocutory order is pursuant to Rule 54(b). The Court, therefore, will regard Plaintiff's motion as one made pursuant to Rule 54(b). *See Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004).

(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation omitted); *cf. Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (noting that motions for reconsideration cannot be used to raise new legal arguments that could have been raised before). "A motion for reconsideration is not a vehicle to reargue the case . . . [nor to] provide the parties with an opportunity for a second bite at the apple." *Lanier v. U.S. Dep't of Lab.*, No. 5:14-cv-168, 2015 WL 4530435, at *1 (W.D. Ky. July 27, 2015) (internal quotation marks and citation omitted).

In her motion for reconsideration, Romanov asserts that this Court has "estop[ped] her right to due process" and that the "Court misinterpret[ed] Romanov's actual intent" as to why she believed a change in circumstances warranted relief from the Court's prior dismissal order. (Doc. 41, at 2.) Based on these arguments, Romanov asks this Court to "ALLOW Plaintiff's [new] causes of action . . . to move forward because of the changes in circumstances and this Court's misinterpretation of the facts." (*Id.* at 6.) Romanov also specifically asks this Court to reconsider its denial of her Tennessee Consumer Protect Act claim, arguing it is "directly related to State Farm's breach of Plaintiff's contract." (*Id.* at 7-8.)

None of these arguments provides a basis for the Court to alter its order. To the extent Romanov contends the Court's decision to impose the dismissal conditions it issued in Romanov's previously filed case (Doc. 157, at 2 in Case No. 3:19-cv-90) violates her due process rights, the United States Court of Appeals for the Sixth Circuit already held that this Court's order granting Romanov's motion to voluntarily dismiss the case was not appealable, because Romanov "has not shown that the conditions imposed by the district court resulted in legal prejudice." (Doc. 162, at 4 in Case No. 3:19-cv-90.) If the Court misinterpreted

Romanov's precise motivation for dismissing her initial case, such a misunderstanding has no impact on the Court's decision. As the Court stated in its order, the conditions were intended to offset prejudice suffered by State Farm due to Romanov's voluntary dismissal in Case No. 3:19-cv-90, and the alleged "changes in circumstances"[3] Romanov has provided do not warrant relief from those conditions. (Doc. 40, at 9.) Finally, the Court properly dismissed all claims brought by Plaintiff that had not been brought in her initial suit in Case No. 3:19-cv-90 on account of the condition of dismissal in that case barring Romanov from "assert[ing] new claims against State Farm in any newly filed case in this Court." (Doc. 159, at 2 in Case No. 3:19-cv-90.) Therefore, the Court will **DENY** Romanov's motion for reconsideration (Doc. 41).

For the last ten pages of her motion, Romanov asks this Court to "clarify" a number of questions she has about its order, including what "procedural posture" the case is now in and "why this Court does not consider the facts in the Amended Complaint as 'change in circumstances.'" (*Id.* at 8-18.) These and the remainder of questions Romanov seeks "clarification" on were already addressed in the Court's most recent order and will not be readdressed here.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff mentions "newly discovered written undisputed material facts found in [her] Claims File," which do not appear to have been referenced in her initial Rule 60 motion, and which had been "discovered" prior to the filing of the present action. (*See* Doc. 27; Doc. 41, at 4 (Romanov noting that the "Claims File" was "for the first time in June, 2020 provided to her").) Therefore, the Court will not now take up that issue in the first instance. *See Shah*, 507 F. App'x at 495 (noting that motions for reconsideration cannot be used to raise new legal arguments that could have been raised before).