UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSAN ROMANOV, ) | |
| ) | Case No. 3:22-cv-443 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| *Defendant*. | |

**ORDER**

Before the Court are Plaintiff Susan Romanov's motion to redact personal information from transcripts in this case (Doc. 218) and motion to correct the transcripts in this case (Doc. 219). For the following reasons, Plaintiff's motion to redact (Doc. 218) will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion to correct (Doc. 219) will be **DENIED**.

I.  BACKGROUND

The jury returned a verdict in this matter on July 8, 2024. (*See* Doc. 201.) Plaintiff filed a motion for a new trial on July 31, 2024, and the Court denied Plaintiff's motion on October 7, 2024. (*See* Docs. 205, 209.) Plaintiff appealed the Court's decision on November 5, 2024. (*See* Doc. 210.) Plaintiff filed the present two motions to redact and correct the transcripts from trial on January 19, 2025, and February 7, 2025, respectively. (*See* Docs. 218, 219.) Defendant State Farm has not responded to Plaintiff's motion to redact, and it is ripe for review. *See* E.D. Tenn. L.R. 7.1(a) (providing 14 days for a response). Plaintiff's motion to correct is not ripe for review but considering that Plaintiff argues she needs this relief for her appellate briefing, the Court will

evaluate the motion before it is ripe. *See* E.D. Tenn. L.R. 7.2 ("Under exceptional circumstances, the Court may act upon a motion prior to the expiration of the response time.").

## II. STANDARD OF LAW

### A. Redaction

Federal Rule of Civil Procedure 5.2(a) provides that:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

Pursuant to Judicial Conference policy, "Courts making electronic documents remotely available to the public shall make electronic transcripts of proceedings remotely available to the public if such transcripts are prepared," and such transcripts "must conform to Fed. R. Civ. P. 5.2(a)." *Privacy Policy for Electronic Case Files*, UNITED STATES COURTS (last visited February 11, 2025), https://www.uscourts.gov/privacy-policy-electronic-case-files. "The Rules do not grant parties the power to unilaterally redact information on the basis of relevance." *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, No. 319CV00851BJBCHL, 2022 WL 1814260, at *7 (W.D. Ky. June 2, 2022) (internal quotations omitted) (quoting *Bartholomew v. Avalon Cap. Grp., Inc.*, 278 F.R.D. 441, 452 (D. Minn. 2011)). "The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *Pillar Title Agency v. Pei*, No. 2:14-CV-525,

2023 WL 2925116, at *1 (S.D. Ohio Apr. 13, 2023) (internal quotations omitted) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)).

### B. Correction

28 U.S.C. § 753(b) provides that:

> Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. The regulations promulgated pursuant to the preceding sentence shall prescribe the types of electronic sound recording or other means which may be used. Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court as may be requested by any party to the proceeding.

This provides a mandatory rule. *United States v. Gallo*, 763 F.2d 1504, 1530 (6th Cir. 1985) (citations omitted), *on reh'g in part sub nom. United States v. Graewe*, 774 F.2d 106 (6th Cir. 1985). "Furthermore, it is the duty of the court . . . to meet the Act's requirements." *Id.* (citing *United States v. Garner*, 581 F.2d 481 (5th Cir. 1978)). "A violation of the recording mandate, however, is not per se error, and thus without more does not require reversal." *Id.* "[F]or an omission in the record to constitute error, the [party] must show actual hardship or prejudice." *United States v. Creech*, No. CIV.A. 6:08-7014-DCR, 2011 WL 250998, at *6 (E.D. Ky. Jan. 26, 2011) (citing *Gallo*, 763 F.2d at 1531).

### III. ANALYSIS

#### A. Redaction

In Plaintiff's motion to redact, she requests the redaction of "her personal data identifiers and her personal and confidential medical information related testimony." (Doc. 218, at 1.) Plaintiff largely relies on Federal Rule of Civil Procedure 5.2 in support of her redaction

requests. (*See id.* at 1–4.) However, Plaintiff also argues that one redaction is warranted because the "medical information was not related to the legal matters before the Court." (*See id.* at 3–4.) The requests generally concern Plaintiff's age, her birth date, and "Personal Medical Information." (*See id.* at 1–3.)

Under Rule 5.2(a), the month and day of Plaintiff's birthday is redactable. However, the year of her birth is not redactable. Accordingly, Plaintiff's requests to redact the month and day of her birth from the transcripts are **GRANTED**. The Clerk is hereby **ORDERED** to redact the day and month of Plaintiff's birth date at:

1. Doc. 215, Page 122, Lines 11 and 13
2. Doc. 215, Page 186, Line 18

Plaintiff's other requests for redaction that concern her age and birth year are **DENIED**.

Next, Plaintiff argues that Rule 5.2 requires the redaction of medical information in the transcripts. No part of Rule 5.2 addresses medical information. Rule 5.2(e) provides that a court may redact information not listed in the rule "for good cause," but Plaintiff has not shown good cause for these redactions. These requested redactions concern questions and testimony relating to whether Plaintiff was pregnant in 2020 and 2022. (*See* Doc. 218, at 2–3; Doc. 215, at 204–11.) Plaintiff has not presented any arguments as to how leaving this information in the open record endangers her privacy, and the Court finds that this general information pertaining to a medical condition is fundamentally different than the types of information explicitly outlined in Rule 5.2. Rule 5.2 largely concerns personal identifying information that could be used to access private records or in furtherance of identity theft and fraud. The information Plaintiff seeks to redact is clearly distinguishable. *See Randles v. United States*, No. CV 22-0405-KD-MU, 2023 WL 4997647, at *1 (S.D. Ala. Mar. 3, 2023) (denying a motion to redact information pertaining

4
Case 3:22-cv-00443-TRM-DCP    Document 223    Filed 02/18/25    Page 4 of 8    PageID #: 3316

to personal injuries under Rule 5.2). As such, her requests to redact these portions of the transcript are **DENIED**.

Lastly, Plaintiff moves for a redaction of similar medical information because she argues that it "was not related to the legal matters before the Court." (*See* Doc. 218, at 4.) Plaintiff also claims that she objected to the questioning that led to the introduction of this medical information. (*See id.* at 2.) Again, this information relates to Plaintiff's pregnancy status, and Plaintiff has provided no valid basis for a redaction. (*See id.* at 2, 4); *cf. Chelsey Nelson Photography*, 2022 WL 1814260 at *7 ("The Rules do not grant parties the power to unilaterally redact information on the basis of relevance.").

Further, Plaintiff never objected to this questioning. When opposing counsel began asking questions about Plaintiff's pregnancy, she stated, "Your Honor, I would also say that this is my personal business, and if I don't make an objection, it would seem a little odd. Okay? But Mr. -- I -- anyway, we can talk at a break." (Doc. 215, at 204–05.) The Court then advised Plaintiff that "there's no question pending at the moment," and Plaintiff responded, "[w]ell, I'm just saying." (*Id.* at 205.) Plaintiff later stated, "Your Honor, I think this might be a good time for a sidebar if you don't mind." (*Id.*) The Court responded, "I don't think that's necessary." (*Id.*) As this exchange shows, Plaintiff never objected to a question pertaining to her pregnancy.[1] (*See id.* at 138–209 (showing that Plaintiff did not object to this questioning at any point during her cross examination). Plaintiff not only failed to object, but also chose to affirmatively testify

---

[1] Additionally, the decision of whether to allow a sidebar conference is within the Court's discretion. *See Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 734 (7th Cir. 2013) ("The district court's . . . denial of some of [the plaintiff's] requests for sidebar conferences . . . fall well within the district court's discretion to manage the trial."); *United States v. Laurins*, 857 F.2d 529, 538 (9th Cir. 1988) ("It is within the court's discretion whether to conduct side-bar discussions.") (citation omitted).

at length during her re-direct testimony about the same issues. (*Id.* at 209–12.) Plaintiff's request to redact this information is **DENIED**.

### B. Correction

In Plaintiff's motion to correct the trial transcripts, she argues that the transcripts are "inaccurate and incomplete." (Doc. 219, at 4.) She also claims that the transcripts are "potentially doctored" and "materially incomplete." (*Id.*) Plaintiff goes on to provide a list of the material she believes is missing from the transcript. This includes (1) Plaintiff's statement about moving to the podium to put on evidence, (2) Plaintiff's statements regarding her difficulty with technical equipment in the courtroom, (3) discussion regarding a mistrial, (4) "[t]he Judge's chastising of [Plaintiff]," (5) the "Judge's demands made by the Court Clerk on the morning of day two (2) of trial that 'if [Plaintiff] was not in the witness stand immediately at 8:00 AM that [Plaintiff's] case would be dismissed and [Plaintiff] held in contempt," (6) further evidence "of the Court's violations of the Americans with Disabilities Act regarding [Plaintiff's] disability," and (7) some of Plaintiff's attempted legal arguments. (*See id.* at 5–6.) Plaintiff emailed the Court Reporter in charge of the transcripts for her proceedings and requested that the allegedly missing material be added. (*See id.* at 8; Doc. 219-1.) She also claims the Court has an interest in ignoring the purported omissions, "as they would be supportive of [Plaintiff's] statement of issues for appellate consideration as to the action of the Court itself." (Doc. 219, at 8.) Plaintiff specifically requests that the Court order that she be provided with "corrected and supplemented" transcripts, and an "electronic copy of the Realtime Unedited Transcripts." (*Id.* at 1, 8.) Plaintiff asserts that the "unedited recordings are available and should match those filed in the Court as 'minutes' from each day of trial and the pre-trial conference." (*Id.* at 8 n.4.)

The Court will deny Plaintiff's motion. Plaintiff's motion is generally unsupported by any evidence. Plaintiff provides a declaration from her husband in which he avers that he was in the courtroom during the proceedings, and that Plaintiff's contentions are correct. (*See* Doc. 219-2, at 1.) However, most of Plaintiff's contentions are conclusory, and she offers no evidence outside of the declaration to support them. (*See* Doc. 219, at 5–6.) In her email to Court Reporter Elizabeth Coffey, Plaintiff admits that the material she addresses in her fifth allegation took place "prior to the start" of the second day of trial.[2] (*See* Doc. 219-1, at 1.) Ms. Coffey has already explained to Plaintiff that the transcripts were made "while the proceedings were in session." (Doc. 219-1, at 3.) Plaintiff has been provided with the official transcripts of the Court's proceedings.[3] The Court will not order Ms. Coffey to provide her notes nor any other materials solely because of Plaintiff's allegations. Further, the Court finds that it is not the proper tribunal to determine whether these transcripts fail to meet the requirements of 28 U.S.C. § 753(b), and whether Plaintiff has suffered prejudice as a result. *See Gallo*, 763 F.2d at 1531 ("In determining whether hardship or prejudice results from a trial court's failure to record every statement made in 'open court,' the *reviewing court* must consider all the circumstances in the record surrounding the omission." (emphasis added)); *United States v. Ellzey*, 874 F.2d 324, 330 (6th Cir. 1989) (explaining that "a reviewing court must consider all circumstances in the record surrounding the failure to record in order to ascertain whether the failure created hardship or prejudice.") (citing *Gallo*, 763 F.2d at 1531). Her motion to correct these transcripts is **DENIED**.

---

[2] Portions of Plaintiff's seventh allegation also appear to concern "attempted arguments *prior* to day two" of trial. (*See* Doc. 219, at 6 (emphasis added).)

[3] Ms. Coffey has certified that these transcripts are accurate. (*See* Doc. 212, at 182; Doc. 213, at 55; Doc. 214, at 204; Doc. 215, at 301.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to redact (Doc. 218) is **GRANTED IN PART** and **DENIED IN PART**. The Clerk is **DIRECTED** to redact the day and month of Plaintiff's birth date at:

1. Doc. 215, Page 122, Lines 11 and 13
2. Doc. 215, Page 186, Line 18

All other relief Plaintiff seeks in her motion to redact (Doc. 218) is **DENIED**.

Plaintiff's motion to correct the transcripts in this matter (Doc. 219) is **DENIED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**